NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MEJORADO CARRILLO, an adult individual, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> PIMA COUNTY COMMUNITY COLLEGE DISTRICT; MICHELLE NIEUWENHUIS, an adult individual; ALEX CARRANZA, an adult individual; DAVID RUCKER, an adult individual; AMY MONTANO, an adult individual, <br><br> Defendants - Appellees. | No. 24-6070 <br><br> D.C. No. 4:22-cv-00359-JAS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted May 29, 2026[**]

Before: BUMATAY, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carlos Carrillo appeals the district court's order granting summary judgment for Pima Community College District, Michelle Nieuwenhuis, Alex Carranza, David Rucker, and Amy Montano (collectively, "Defendants") on Carrillo's three 42 U.S.C. § 1983 claims alleging violations of his Fourth, First, and Fourteenth Amendment rights. We review de novo a district court's grant or denial of summary judgment. *Wilkins v. United States*, 163 F.4th 636, 643 (9th Cir. 2025). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court properly granted summary judgment on Carrillo's Fourth Amendment claim. No reasonable jury could conclude that Carrillo's interactions with officers were not consensual. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991) (holding that a police encounter will not trigger a Fourth Amendment violation until it loses its consensual nature). To assess whether an encounter was consensual, we look to whether, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Additionally, "law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen[.]" *Florida v. Royer*, 460 U.S. 491, 497 (1983).

Here, the record supports the district court's conclusion that Carrillo's

encounter with the officers was consensual. On encountering Carrillo, the officers told him they needed to speak with him. Carrillo then offered to use his office, but the officers offered a nearby conference room for more privacy. On arriving at the conference room, the officer informed Carrillo that he was free to leave before questioning. Carrillo then replied, "No I'm not gonna, I'm not gonna leave, you're fine." The officer responded, "The door's open. You're free to walk out and leave." Carrillo also rescheduled a conflicting meeting during the interview to continue speaking with the officers and stated it was "[n]o problem," and that he "[didn't] mind talking to [the officers]." Because Carrillo consented to being interviewed at the conference room, there was no Fourth Amendment violation.

2.    Carrillo waived his First Amendment retaliation claim by not raising it before the district court. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006) (issues not raised before the district court are waived on appeal). While Carrillo raised a First Amendment claim based on his being barred from campus, he never argued that any deprivation of this right was based on retaliation before the district court.

3.    The district court correctly granted summary judgment for Defendants on Carrillo's Fourteenth Amendment Claim. Assuming *arguendo* that Carrillo had a vested property interest in his future employment that was deprived by the government, he was still afforded adequate due process. In determining whether a

plaintiff was afforded adequate procedural due process, this court applies a three-factor test weighing: (1) the private interest; (2) the risk of an erroneous deprivation; and (3) the government's interest. *See Miranda v. City of Cornelius*, 429 F.3d 858, 867 (9th Cir. 2005); *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

When human resources issued the Notice of Emergency Removal to Carrillo, he was informed of his right to an expedited review. Carrillo invoked his right to an expedited review, and he attended the Expedited Review Meeting with his personal attorney. At that meeting, Carrillo stated that he wanted "the complainant to have the respect and [be] given the due diligence and process" that "[he] ha[d] been given." Carrillo was also represented by counsel at his subsequent Title IX hearing, where he was afforded the opportunity to testify and to cross-examine witnesses. Taken together, these procedures diminished the chance of Carrillo being erroneously deprived of his employment interest, especially given Pima County Community College District's interest in keeping its personnel safe from sexual harassment and assault. The district court thus properly concluded that, even if Carrillo "had a vested property interest in teaching courses in the fall semester, he was not deprived of that right without due process of law."

**AFFIRMED.**[1]

---

[1] Carrillo's motion for judicial notice, Dkt. 26, is **DENIED** as moot. Defendants' motion to strike, Dkt. 37, is **GRANTED**, and Carrillo's motion to supplement the record, Dkt. 31, is **DENIED**. Carrillo's motion for leave to file amended reply brief,

Dkt. 45, is **DENIED** for failing to conform to the rules regarding proper reply brief procedure. *See* Fed. R. App. P. 28(c). Carrillo's motion for leave to file a supplemental brief, Dkt. 54, is **DENIED**. Defendants' motion to strike, Dkt. 59, is **GRANTED** due to Carrillo's failure to conform to Rule 28. *See* Fed. R. App. P. 28(j) (allowing parties to bring "pertinent and significant authorities"—not extra-record evidence—to the court's attention). Defendants' motion to strike, Dkt. 64, is **GRANTED** for the same reasons the motion at Dkt. 59 is granted.